IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FIDEL JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-954 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THERESA VENEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendants' Motion to Strike (Doc. 22) will be denied. Motions to strike are highly disfavored. Parkin v. Avis Rent a Car Sys. LLC, 2023 WL 4045049, *2 (D. N.J. Jun. 16, 2023) (citation to quoted sources omitted); *see* Sabol v. Allstate Prop. & Cas. Ins. Co., 2011 WL 13118101, *4 (M.D. Pa. Sept., 2011) (quoting Wright & Miller's characterization of such motions as "purely cosmetic or 'time wasters'"). Even when challenged materials meet the definitions in Rule 12(f), a motion will not be granted in the absence of clear prejudice to the adverse party. Parkin at *2; Medina v. One Stop Ctr., Inc., 2022 WL 3566109, *1 (W.D. Pa. Aug. 18, 2022). There is no clear prejudice here.

Defendants seek to strike Plaintiff's references to insurance coverage, indicating that such allegations will confuse the jury. The Amended Complaint is not evidence, however, and the admissibility of such information properly may be addressed in a motion in limine before trial. The same is true of Plaintiff's allegations regarding Defendant Veney's driving record.

Such allegations do not rise to the level of "scandalous," as that word is understood in the law,[1] and any concerns may be relieved by excluding the evidence, as appropriate, at trial.

Defendants also move to strike Plaintiff's exhibits, because they are evidence, or otherwise are unnecessary to the pleadings. Again, no threat of actual prejudice exists, and debating these points is not a good use of the Court's (or parties') time.

Defense counsel next seek to strike Plaintiff's attempted withdrawal of his jury demand. Defendants, however, have preserved their rights to a jury trial, *see* Doc. 21, and the issue is moot. The same is true of Defendant's objection to Plaintiff's reference to Residential World Media, Inc., as a potential additional plaintiff. The Amended Complaint expressly acknowledges that the entity is not (presently) a party to this case.

Consistent with the above, Defendants' Motion to Strike (**Doc. 22**) is **DENIED**, and their answer(s) are due by July 13, 2023.

IT IS SO ORDERED.

June 30, 2023                                s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record

Fidel Jenkins

---

[1] *See* Collura v. City of Phila., 2012 WL 6645532, *7 (E.D. Pa. Dec. 21, 2012) ("'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person.") (citation to quoted source omitted).